Our next case for this morning, I see Mr. Walters is also talking to us, is the United States v. Smith. Mr. Budzinski. Alexander Edward Budzinski Good morning, Your Honor, and may it please the Court. My name is Alexander Edward Budzinski, and I'm here today on behalf of the defendant and appellant, Mr. Smith. This case presents an ineffective assistance of counsel claim. Although we are proceeding on direct appeal with this claim, Mr. Smith and myself do believe there's enough evidence in the record to decide this case in favor of Mr. Smith. Counsel, does your client know the risks of raising ineffective assistance on direct appeal? I have explained this to him, Your Honor, and if after oral argument today it does not look like there's enough evidence in the record, he would request that the Court allow him to withdraw the claim and allow him to proceed on a collateral attack. The only problem with that that I saw, you said something like that in your brief, is, I mean, it's fine to withdraw an argument, but to take the extreme case, you can't withdraw it after you've lost, right? You have to, it has to be ex ante that you do so, and if you would like to withdraw at this point, you are certainly free to do that, and I gather your client has in fact filed a 2255, is that correct? I believe so, Your Honor. And if there's any reason at all to add this, his appeal waiver does not preclude an ineffectiveness of counsel point. I'm sure that's why this is what you're saying now, because otherwise you would be flatly barred by the waiver. But I have some reservations about the idea that you're just going to go forward and do the whole thing and figure out which way the wind's blowing, if you think you can do that, I'm not sure you can, but, and then make the decision. There have been some cases where this has been allowed before after oral argument, Your Honors. You can withdraw it after oral argument, but it is not appropriate to attempt to read our minds at argument. You get one shot, not two. I think you will find that we are not going to tell you how we will rule. You have to make your choice ex ante. Okay, so with that understanding, you may proceed. Thank you, Your Honor. Mr. Smith's ineffective assistance of counsel claim contends that trial counsel should have objected to the pre-sentence report's conclusion that his convictions for domestic battery and robbery are crimes of violence. And that this failure to object satisfies the two prongs of Strickland, deficient performance and prejudice. If these two convictions are not crimes of violence, Mr. Smith would not have been subject to the career offender enhancement under the guidelines. Now, neither is a conviction or is a crime of violence in light of Supreme Court precedent. And as such, trial counsel should have objected. First, neither conviction should be a crime of violence under the definition's residual clause. In Johnson in 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. The crime of violence definition has the same clause. Although this court has previously held that the guidelines are not susceptible to vagueness challenges, the court should reevaluate this in light of Johnson's reasoning. Well, we've already done that. We have a decision in the Hurlburt case in which we have applied Johnson to the career offender guidelines. Okay. So, no, I think what you, if you want to discuss this, what you need to focus on is the elements. That's correct, Your Honor. Well, focusing first on the domestic battery conviction shouldn't be a crime of violence under Section 4B1.2A1 because it does not have as an element the use, attempted use, or threatened use of physical force that is an element. Again, this court has- Doesn't it require proof of causing bodily harm? It does, Your Honor. And why doesn't that require the proof of the use of physical force? Well, causing bodily harm, Your Honor, is a result of certain conduct. In De Camp, the Supreme Court reemphasized the importance of only considering elements of the offense as opposed to underlying conduct. Right, and I'm saying, I mean, you can call somebody a name and that might hurt them, but it's not bodily harm. Bodily harm, you know, is a black eye or something. Bodily harm is something that results from physical force, which looks like it satisfies the elements test. Well, causing harm is not the same as using force to cause that harm. How do you do it? This is getting metaphysical. How can you cause bodily harm without taking an action that results in physical harm to another person? Well, first, this was discussed a little bit in an earlier case, and they discussed intellectual force to some extent, and that's not the same as violent force as to cause harm. We're focusing on this Illinois statute, if we're talking about the domestic, the second conviction for domestic battery in Illinois, and it appears to require the prosecution to prove the use of physical force because there's a statutory element of causing bodily harm. But that harm can be caused by any means, Your Honor, under the statute, and any means would seem to include things such as intellectual force or deception. I don't see, well, okay, if that's your argument, that's fine. And robbery, we've also said, includes an element under the subpart A1 of using or threatening the use of force, so there's another elements argument for robbery. That's correct, Your Honor. The pre-sentence report tells us that the information charged Mr. Smith with taking property by the use of force. However, Illinois case law has defined the use of force to include force where the property is so attached to the person or the person's clothing that it creates resistance, however slight. This isn't violent force required by the 2010 Johnson case that is force capable of causing physical injury or pain to another person. What about threat of imminent force or the use of actual force sufficient to overcome resistance? That's the language from the Illinois Supreme Court. That's correct. I don't think that's necessarily violent force. I don't think that is necessary. A threat of force is not force, you say? The threat of force or force necessary to overcome the resistance of property attached to a person or clothing is not necessarily force capable of causing pain or injury. Because it doesn't reach this threshold level of necessarily causing physical pain or injury, Your Honors, I don't think the robbery should be construed as a crime of violence. Now, Mr. Smith is also going to need to demonstrate prejudice to succeed on this claim. And trial counsel's prejudicial performance, that is his failure to object to the pre-sentence report's characterization of Mr. Smith's convictions for robbery as crimes of violence and domestic battery. He had a criminal history of six anyway. So the career offender categorization had no effect on his criminal history. Do you have off the top of your head what the difference in the guidelines would have been with and without? Prior to certain reductions, Your Honor, the sentencing range increased from 12 to 34. But I'm asking you, you know, as computed with the career offender adjustment and as computed without. So we know that his criminal history is the same. It is. Either way. So what about offense level? Off the top of my, the offense level increased from 12 to 34, I believe, Your Honor. Because of the career offender. Yes. Okay. All right. And because trial counsel's deficient preference was deficient and this deficient performance prejudiced Mr. Smith, the court should vacate Mr. Smith's sentence and remand this case for resentencing. All right. Thank you. Thank you, Your Honor. If you'd like to save for rebuttal, that's fine. And Mr. Walters, welcome back. Good morning again, Your Honors. Greg Walters on behalf of the United States. Judge Wood, you asked counsel to focus on elements. Actually, I think before we even focus on elements, we have to focus on what is the standard that were before the court, the cause and prejudice standard. I have not found a case in which counsel was ever considered deficient for not raising an objection that is contrary to established circuit law. And then to show prejudice, what he would have to show is that the district court would have disregarded this court's precedent and ruled in his favor on both objections, only one of which we had to prevail on. We have a history of case law out of this circuit. And as these three judges are well aware, in light of Johnson and the number of unpublished opinions as well, where this court has routinely upheld time and time again that whether domestic violence under the first prong of the domestic battery statute or aggravated battery under the first prong of the battery statute, where it's the causes bodily harm prong, this court has held consistently that that requires force or the use of force or threatened use of force. And it has held so as recently as United States versus Waters in the spring of this year. So for him to prevail, he would have to show that the district court would disregard circuit precedent and rule that felony domestic battery is not a crime of violence. He simply cannot show prejudice. What he is doing is he is shoehorning in, really, an attempt at de novo review at issues. To get around appeal waiver, though, he's raising it in the context of ineffective assistance of counsel. And, again, he cannot show cause because counsel is not deficient. Well, it's not really so much cause. I mean, I think what he was trying to argue, looking at Strickland, was that counsel's performance was deficient by failing to raise these two points. Obviously, the response is if the points had no merit, then there's nothing deficient about half the counsel took. And I take it that that's your argument. That's my argument about cause. It's not cause, it's performance. Performance cannot be held deficient when counsel didn't raise an objection that would have been contrary to circuit precedent. Right. So he cannot show either element. Well, I mean, if you actually could get past the performance part, that's why I was asking about the guideline calculation. It made a big difference for him to be called a career offender. It did, but it would only be prejudicial. And that would be prejudice. But in the Strickland context, showing prejudice is showing the outcome would have been different had counsel not been. Your argument is just that the outcome wouldn't have been different because the first step isn't met. I mean, if you sort of granted the first step, I know that's not your position, but if you granted the first step, a lot hinges on that first step. But your point is, as I understand it, that under our circuit law, the district court made no error, the lawyer made no error in not raising an objection that would have been a frivolous objection, et cetera. My argument is that the outcome would not have been different because the court could not have disregarded precedent. Yeah. And so the guideline. I'm saying that really belongs in the performance box. Okay. Well, ultimately, what he has given this court is no basis to overrule its own precedent on a theory of ineffective assistance of counsel. There's no, in Waters, this court said that absent an intervening Supreme Court decision, it has no reason to relook at its holdings that causes bodily harm necessarily involves the use of force. There has not been an intervening Supreme Court decision on that issue since this court decided, Waters, this spring. And so we are asking the court to affirm the judgment of the district court that we believe he has completely failed to show ineffective assistance of counsel in the context of this court's precedent. Thank you, Your Honors. Thank you very much, Mr. Walters. Anything further, Mr. Budzinski? It was unreasonable not to object in the face of contrary circuit precedent because there's Supreme Court precedent that undermines these cases. De Camp's reemphasis on focusing solely on the elements of the offense undermines domestic battery precedent. There is no element requiring the use of force in the domestic battery statute. It allows the harm to be caused by any means. Further, the physical force described in the 2010 Johnson case, that is force capable of causing physical pain or injury to another person, undermines the court's conclusion in Dickerson that robbery is a violent felony. There is sufficient force to commit robbery under Illinois law when the piece of property is attached to a person's clothing and there's resistance when it's trying to be taken away. That's not necessarily enough force to cause harm to anybody. Thank you, Your Honors. If there are no further questions. All right. No, there are not. The case will be taken under advisement. You were appointed, were you not? Yes, Your Honor. We appreciate your efforts on behalf of your client and for the court. Thank you so much. Thank you, Your Honor. And thanks as well to the government.